**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gail Phila Slater, | No. CV-07-429-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Samuel E. Stith and Sandra J. Stith, individually and as husband and wife, | |
| Defendants. | |

On March 25, 2008, Plaintiff filed a Second Amended Complaint, alleging that beginning in October of 1997 and continuing until 2002, Defendant Samuel Stith, claiming to be a financial planner, solicited and received investments from Plaintiff in housing rehabilitation programs. (docket # 18) Plaintiff was to receive periodic payments depending on the income generated from the properties. Plaintiff alleges that Defendants took $191,160.00 in investments from her, but never paid her any return on her investment. (*Id*.) Plaintiff claims that in 2004, she learned that Defendant Samuel Stith was the subject of federal criminal proceedings for his involvement in mortgage fraud. (docket # 18 at 7) Invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff alleges claims of breach of contract, unjust enrichment, and breach of fiduciary duty, and fraud. (docket # 18)

On May 5, 2009, Defendants Samuel and Sandra Stith filed a Notice of Filing Bankruptcy. (docket # 52) In view of the automatic stay imposed under 11 U.S.C. § 362(a)(1), on May 11, 2009, the Court stayed Plaintiff's action against the Stiths and placed it on inactive status until August 31, 2009. (docket # 53) The Court further ordered that the action against the Stiths would be dismissed on August 31, 2009, unless Plaintiff demonstrated that: (1) she had moved to lift the stay in bankruptcy court; (2) she had sought to reduce her claims against the Stiths to judgment in bankruptcy court in an adversary proceeding and that proceeding had not yet been adjudicated despite Plaintiff's due diligence; or (3) she demonstrated a reasonable basis for continuing the action on inactive status. (docket # 53)

In response to the Court's May 11, 2009 Order, Plaintiff timely filed a Motion to Extend this Matter on the Court's Calendar. (docket # 58) Plaintiff states that she has filed an adversarial complaint against Defendants in the United States Bankruptcy Court, District of Arizona. (docket # 58 at 2) Review of the docket in the Bankruptcy Court confirms that Plaintiff filed an adversary proceeding against Samuel and Sandra Stith on July 31, 2009, *Slater v. Stith*, 2:09-ap-862-RJH. The adversary proceeding is pending, and a pre-trial status conference has been set for September 24, 2009 in the Bankruptcy Court. (*Id.*)

Although Plaintiff has complied with the Court's May 11, 2009 Order, another issue has arisen in this case. On August 21, 2009, Defendants Samuel and Sandra Stith filed a Notice of Discharge of Debtor, stating that Plaintiff's claim was included in the discharge. (docket # 55) In support of their Notice, Defendants submit a "Discharge of Debtor" from the United States Bankruptcy Court, District of Arizona, No. 2:09-bk-9068-RJH, dated August 10, 2009, which states that "the debtor (presumably both Samuel and Sandra Stith who are both identified on bankruptcy document) is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)." (docket # 55, attachment) In view of the Notice of Discharge, on August 27, 2009, the Court directed Plaintiff to show cause on or before September 9, 2009, why this matter should not be dismissed with prejudice. (docket # 56)

In response to the Court's August 27, 2009 Order, Plaintiff filed a Response to Notice of Discharge and Order to Show Cause. (docket # 57) Plaintiff requests that the Court continue this matter on inactive status. Plaintiff concedes that "the Stiths' debt was discharged," but claims that the "discharge is not effective against Mrs. Slater as she filed an adversarial proceeding on July 31, 2009 in the bankruptcy court." (docket # 57) (citing *In re Stith*, 2:09-bk-9068-RJH). Review of the docket in the Bankruptcy Court confirms that Plaintiff filed an adversary proceeding against Samuel and Sandra Stith on July 31, 2009, *Slater v. Stith*, 2:09-ap-862-RJH, "to bar from debtor's discharge the debt due to Plaintiff." (*Slater v. Smith*, 2:09-ap-862-RJH, docket # 1) The adversary proceeding is pending, and a pre-trial status conference is scheduled for September 24, 2009 in the Bankruptcy Court. (*Id.*)

In view of the pending adversarial proceeding and the uncertainty regarding whether any debt owed Plaintiff has been discharged, the Court will grant Plaintiff's Motion to Extend this Matter on the Court's Calendar. (docket # 58)

Accordingly,

**IT IS ORDERED** that Plaintiff has discharged her obligation to respond to the Court's May 11 and August 27, 2009 Orders, docket # 53 and # 56, respectively.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend this Matter on the Court's Calendar, docket # 58, is **GRANTED** to the extent that on or before **November 1, 2009**, Plaintiff shall file a written status report updating the Court on the status of the adversary proceeding, *Slater v. Stith*, 2:09-ap-062-RJH. Plaintiff shall attach relevant copies of the docket from the U.S. Bankruptcy Court and all orders issued by the Bankruptcy Court entered subsequent to the date of this Order.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that failure to comply with all the terms of this Order may result in dismissal pursuant to Fed.R.Civ.P. 41(b).

Dated this 2nd day of September, 2009.

Lawrence O. Anderson
United States Magistrate Judge