1 **WO**

2

3

4

5

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

8

9 Gail Phila Slater,                                             )      No. CV-07-429-PHX-LOA
                                                                        )
10                  Plaintiff,                                  )      **ORDER**
                                                                        )
11 vs.                                                          )
                                                                        )
12                                                              )
   Samuel E. Stith and Sandra J. Stith,)
13 individually and as husband and wife,        )
                                                                        )
14                  Defendants.                              )
   _____)

15

16          Pending before the Court is *pro se* Defendants' Motion to Dismiss. (docket #

17 66)  All parties have heretofore consented to magistrate-judge jurisdiction pursuant to 28

18 U.S.C. §636(c). (docket # 44)

19          On March 25, 2008, Plaintiff filed a Second Amended Complaint, alleging that,

20 beginning in October of 1997 and continuing until 2002, Defendant Samuel Stith, claiming

21 to be a financial planner, solicited and received investment monies from Plaintiff in alleged

22 housing rehabilitation programs.  (docket # 18)  Plaintiff was to receive periodic payments

23 depending on the income generated from the properties.  Plaintiff alleges that Defendants took

24 $191,160.00 in investments from her, but never paid her any return on her investment.  (*Id*.)

25 Plaintiff claims that in 2004, she learned that Defendant Samuel Stith was the subject of

26 federal criminal proceedings for his involvement in mortgage fraud. (docket # 18 at k7)

27 Invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff alleged

28

1   claims of breach of contract, unjust enrichment, breach of fiduciary duty, and fraud. (docket

2   # 18)

3              On May 5, 2009, Defendants Samuel and Sandra Stith filed a Notice of Filing

4   Bankruptcy. (docket # 52) In view of the automatic stay imposed under 11 U.S.C. §

5   362(a)(1), the Court stayed Plaintiff's action against the Stiths and placed it on inactive

6   status. (docket # 53)

7              On August 21, 2009, *pro se* Defendants Samuel and Sandra Stith filed a letter

8   deemed a Notice of Discharge of Debtor, stating that Plaintiff's claim was included in the

9   discharge in the Bankruptcy Court. (docket # 55)  In support of their Notice, Defendants

10  submitted a "Discharge of Debtor" Order from the United States Bankruptcy Court, District

11  of Arizona, No. 2:09-bk-9068-RJH, dated August 10, 2009, which states that "the debtor is

12  granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy

13  Code)." (*Id*., attachment)

14             After receiving the notice of discharge, this Court kept this matter on its

15  inactive calendar - rather than dismissing the action - because Plaintiff had commenced an

16  adversarial proceeding in the Bankruptcy Court, *Slater v. Stith*, 2:09-ap-00862-RJH,

17  challenging the discharge of debt owed by Samuel and Sandra Stith. (docket # 65) On

18  February 24, 2010, Defendants filed a document deemed a Motion to Dismiss the civil action

19  pending in this District Court because the Bankruptcy Court dismissed the adversarial

20  proceeding in No. 2:09-ap-00862-RJH, thereby confirming the discharge of debt. (docket #

21  66) On March 8, 2010, Plaintiff filed a Response to the Motion to Dismiss.  (docket # 67)

22  Plaintiff does not oppose the Motion to Dismiss because, in view of the dismissal of her

23  adversarial complaint, she does not have "a good faith basis for seeking continuation of the

24  present matter."[1]  (docket # 67)

25

26     [1] Plaintiff's assessment that she lacks a good faith basis to continue her civil action
    in this Court is accurate in view of the discharge granted under 11 U.S.C. § 727(b). (docket

27  # 55, attachment) In general, 11 U.S.C. § 727(b) relieves a debtor of personal liability for all
    pre-petition debts.  Additionally, 11 U.S.C. § 524(a)(2) permanently stays any attempt to

28  hold the debtor personally liable for discharged debts. *Garske v. Arcadia Fin., Ltd.*, 287 B.R.
    537, 542 (9th Cir. BAP 2002) ("[U]pon the discharge of a debt in bankruptcy, a debtor is

1     The Court's independent review of the docket in the United States Bankruptcy

2 Court, District of Arizona for *Slater v. Stith*, 2:09-ap-00862-RJH, confirms that, on February

3 17, 2010, the Bankruptcy Court dismissed Plaintiff's adversarial proceeding. Additionally,

4 as previously stated, on August 10, 2009, the United States Bankruptcy Court, District of

5 Arizona, issued an order in *In re Stith*, No. 2:09-bk-9068-RJH, stating that "the debtor is

6 granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy

7 Code)." (docket # 55, attachment) Accordingly, the proceedings in the Bankruptcy Court

8 have concluded and the debt at issue has been discharged.

9     In view of the foregoing and Plaintiff's lack of opposition to the Motion to

10 Dismiss,

11     **IT IS ORDERED** that Defendants' Motion to Dismiss, docket # 66, is

12 **GRANTED** and that this matter is **DISMISSED** with prejudice.

13     **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment

14 in this matter.

15     Dated this 9ᵗʰ day of March, 2010.

16

17     _____

18     Lawrence O. Anderson
       United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28     _____

relieved of personal liability for that debt.").