**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gail Phila Slater, | No. CV-07-429-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Samuel E. Stith and Sandra J. Stith, individually as husband and wife, | |
| Defendants. | |

Pending before the Court is *pro se* Defendants' Motion to Dismiss. (docket # 66) All parties have heretofore consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 44)

On March 25, 2008, Plaintiff filed a Second Amended Complaint, alleging that, beginning in October of 1997 and continuing until 2002, Defendant Samuel Stith, claiming to be a financial planner, solicited and received investment monies from Plaintiff in alleged housing rehabilitation programs. (docket # 18) Plaintiff was to receive periodic payments depending on the income generated from the properties. Plaintiff alleges that Defendants took $191,160.00 in investments from her, but never paid her any return on her investment. (*Id.*) Plaintiff claims that in 2004, she learned that Defendant Samuel Stith was the subject of federal criminal proceedings for his involvement in mortgage fraud. (docket # 18 at k7) Invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff alleged

claims of breach of contract, unjust enrichment, breach of fiduciary duty, and fraud. (docket # 18)

On May 5, 2009, Defendants Samuel and Sandra Stith filed a Notice of Filing Bankruptcy. (docket # 52) In view of the automatic stay imposed under 11 U.S.C. § 362(a)(1), the Court stayed Plaintiff's action against the Stiths and placed it on inactive status. (docket # 53)

On August 21, 2009, *pro se* Defendants Samuel and Sandra Stith filed a letter deemed a Notice of Discharge of Debtor, stating that Plaintiff's claim was included in the discharge in the Bankruptcy Court. (docket # 55) In support of their Notice, Defendants submitted a "Discharge of Debtor" Order from the United States Bankruptcy Court, District of Arizona, No. 2:09-bk-9068-RJH, dated August 10, 2009, which states that "the debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)." (*Id.*, attachment)

After receiving the notice of discharge, this Court kept this matter on its inactive calendar - rather than dismissing the action - because Plaintiff had commenced an adversarial proceeding in the Bankruptcy Court, *Slater v. Stith*, 2:09-ap-00862-RJH, challenging the discharge of debt owed by Samuel and Sandra Stith. (docket # 65) On February 24, 2010, Defendants filed a document deemed a Motion to Dismiss the civil action pending in this District Court because the Bankruptcy Court dismissed the adversarial proceeding in No. 2:09-ap-00862-RJH, thereby confirming the discharge of debt. (docket # 66) On March 8, 2010, Plaintiff filed a Response to the Motion to Dismiss. (docket # 67) Plaintiff does not oppose the Motion to Dismiss because, in view of the dismissal of her adversarial complaint, she does not have "a good faith basis for seeking continuation of the present matter."[1]  (docket # 67)

---

[1] Plaintiff's assessment that she lacks a good faith basis to continue her civil action in this Court is accurate in view of the discharge granted under 11 U.S.C. § 727(b). (docket # 55, attachment) In general, 11 U.S.C. § 727(b) relieves a debtor of personal liability for all pre-petition debts. Additionally, 11 U.S.C. § 524(a)(2) permanently stays any attempt to hold the debtor personally liable for discharged debts. *Garske v. Arcadia Fin., Ltd.*, 287 B.R. 537, 542 (9th Cir. BAP 2002) ("[U]pon the discharge of a debt in bankruptcy, a debtor is

1      The Court's independent review of the docket in the United States Bankruptcy
2  Court, District of Arizona for *Slater v. Stith*, 2:09-ap-00862-RJH, confirms that, on February
3  17, 2010, the Bankruptcy Court dismissed Plaintiff's adversarial proceeding. Additionally,
4  as previously stated, on August 10, 2009, the United States Bankruptcy Court, District of
5  Arizona, issued an order in *In re Stith*, No. 2:09-bk-9068-RJH, stating that "the debtor is
6  granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy
7  Code)." (docket # 55, attachment) Accordingly, the proceedings in the Bankruptcy Court
8  have concluded and the debt at issue has been discharged.

9      In view of the foregoing and Plaintiff's lack of opposition to the Motion to
10 Dismiss,

11     **IT IS ORDERED** that Defendants' Motion to Dismiss, docket # 66, is
12 **GRANTED** and that this matter is **DISMISSED** with prejudice.

13     **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment
14 in this matter.

15     Dated this 9th day of March, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge

---

relieved of personal liability for that debt.").